IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | | |
|---|---|---|
| LEEDELL FENNELL, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. AW-07-113 |
| | * | |
| BRUCE EDWARD BECRAFT, JR., | * | |
| | * | |
| Defendant. | * | |

******************************************************************************

## MEMORANDUM OPINION

This action involves a negligence claim by Plaintiff Leedell Fennell ("Plaintiff") against Defendant Bruce Edward Becraft, Jr. ("Defendant") arising out of a motor vehicle accident. Currently pending before the Court is Defendant's Motion for Summary Judgment (Doc. No. 29). Plaintiff has not responded to Defendant's motion, and the time period allotted for Plaintiff's response expired on October 22, 2007. Thus, Defendant's motion is now ripe for review. The Court has reviewed the entire record, as well as the Pleadings and Exhibits with respect to the instant motion. No hearing is deemed necessary. *See* Local Rule 105.6 (D. Md. 2004). For the reasons stated below, the Court will deny Defendant's Motion for Summary Judgment.

### FACTUAL AND PROCEDURAL BACKGROUND

The following facts are taken in the light most favorable to the non-movant. Plaintiff alleges that on June 14, 2005, he suffered serious injuries when a vehicle operated by Defendant collided into the back of Plaintiff's vehicle, causing Plaintiff's vehicle to strike a motor vehicle in front of Plaintiff. Defendant maintains that he was attempting to avoid colliding with an unidentified vehicle that came from behind Defendant at a high rate of speed and cut directly in front of Defendant's vehicle, thus causing Defendant to take evasive action and ultimately collide into Plaintiff's vehicle.

On January 12, 2007, Plaintiff instituted this action seeking damages against Defendant. On October 3, 2007, after the close of discovery, Defendant moved for summary judgment.

## STANDARD OF REVIEW

Summary judgment is only appropriate if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56©; *see Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986). In a motion for summary judgment, the moving party discharges its burden by showing an absence of evidence to support the nonmoving party's case. *Celotex*, 477 U.S. at 325. The court must "draw all justifiable inferences in favor of the nonmoving party, including questions of credibility and of the weight to be accorded to particular evidence." *Masson v. New Yorker Magazine*, 501 U.S. 496, 520 (1991) (internal citations omitted). However, the party who bears the burden of persuasion on a particular claim must present legally sufficient evidence to support each element of his claim. "[A] complete failure of proof concerning an essential element . . . necessarily renders all other facts immaterial." To defeat a motion for summary judgment, the nonmoving party must come forward with affidavits or other similar evidence to show that a genuine issue of material fact exists. *See Matsushita Elec. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). While the evidence of the nonmoving party is to be believed and all justifiable inferences drawn in his or her favor, a party cannot create a genuine dispute of material fact through mere speculation or compilation of inferences. *See Deans v. CSX Transp., Inc.,* 152 F.3d 326, 330-31 (4th Cir. 1998); *Beale v. Hardy*, 769 F.2d 213, 214 (4th Cir. 1985).

## ANALYSIS

Plaintiff's claim presents a basic negligence inquiry. Since this Court has diversity

2

jurisdiction over this action, Maryland substantive law will supply the rule of decision. *See generally Erie R.R. Co. v. Tompkins,* 304 U.S. 64, 78 (1938); *see also Limbach Co., LLC. v. Zurich Am. Ins. Co.*, 396 F.3d 358, 361 (4th Cir. 2005). To establish a *prima facie* case of negligence in Maryland, the plaintiff must prove that: (1) the defendant owed the plaintiff a duty; (2) the defendant breached that duty; (3) the plaintiff suffered damages; and (4) the defendant's breach was the proximate cause of the plaintiff's damages. *See Brown v. Dermer*, 744 A.2d 47, 54 (Md. 2000).

In determining whether summary judgment should be granted on Plaintiff's negligence claim, this Court must construe the evidence and all reasonable inferences therefrom in the light most favorable to Plaintiff. Defendant claims that he could not avoid the collision with Defendant due to the unidentified vehicle negligently weaving through traffic at a high speed, which caused him to hit the rear of Plaintiff's vehicle. Thus, Defendant claims that there is no evidence that he acted in a negligent manner in light of the circumstances. While Defendant makes a cogent argument, the Court nonetheless believes that, at this juncture, several inferences could possibly be drawn by the trier of fact in determining the context of Plaintiff's deposition testimony regarding the unidentified vehicle and in determining the effect of Defendant's actions.[1] For these reasons, the Court is not yet prepared to conclude, as a matter of law, that there are no genuine issues of material fact and that Defendant is entitled to summary judgment. Accordingly, the Court must deny Defendant's motion.

## **CONCLUSION**

For the reasons stated above, the Court will deny Defendant's Motion for Summary

---

[1] The Court strongly encourages Plaintiff to employ counsel. Should the evidence at trial confirm what Defendant now argues, Plaintiff could have difficulty convincing the Court that there are issues to be submitted to a jury.

Judgment. An Order consistent with this opinion will follow.


  November 27, 2007                                                            /s/
          Date                                                          Alexander Williams, Jr.
                                                                             United States District Judge